**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § |
| | § CASE NUMBER 6:14-CR-00013-JDK-KNM |
| JIMMY ROYCE STAFFORD., | § |
| | § |
| Defendant. | § |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On May 24, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jimmy Royce Stafford. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of More Than 200 Grams But Less Than 350 Grams Of a Mixture Or Substance Containing A Detectable Amount of Methamphetamine, a Class B felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 25 and a criminal history category of VI, was 110 to 137 months. On November 18, 2015, District Judge Michael H. Schneider sentenced Defendant to 60 months imprisonment followed by four years of supervised release, subject to the standard conditions of release, plus special conditions to include providing the probation officer with access to any requested financial information for the purpose of monitoring Defendant's efforts to obtain and maintain lawful employment, participating in a drug testing and treatment program until the probation officer releases Defendant from the program, and participation in a combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

1

Under the terms of supervised release, Defendant was required to not commit another federal, state, or local crime. In Allegation 2 of its petition, the government alleges Defendant violated the conditions of his supervised release when he was charged with: (1) Abandon Endanger Child Criminal Negligence (State Jail Felony, Texas Penal Code 22.041(f); (2) Possession of a Controlled Substance Penalty Group 1<1G (State Jail Felony, HSC 481.115(b); (3) Possession of a Controlled Substance Penalty Group 3>=28G<200G (3rd Degree Felony, HSC 481.117(c); (4) Possession of a Controlled Substance Penalty Group 1>=4G <200G (2nd Degree Felony, HSC 481.115(d); and (5) Driving While License Invalid With Previous Conviction or Suspension (Class B Misdemeanor, TRC 527.457(f)(f-1). If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by being arrested for the offense of Abandoning/Endangering a Child; Possession of a Controlled Substance 1<1G; Possession of a Controlled Substance 3>=28G<200G; or Possession of a Controlled Substance 1>=4G <200G, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade A or B violation, the court shall revoke the term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by Driving While License Invalid With Previous Conviction or Suspension, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2).

Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).[1]

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 2 of the government's petition. Because Defendant has served a sentence of more than four years for the same conduct underlying the current supervised release allegations, the government recommended to the court a sentence of time served with four years supervised release to follow. In addition, Defendant has served approximately one month in federal custody since being discharged from state custody. Due to the particular circumstances of this case, the court finds that a departure from the advisory guideline range is appropriate. The court therefore **RECOMMENDS** that Jimmy Royce Stafford's plea of true be accepted and he be sentenced to time served, with four years of supervised release to follow.

**So ORDERED and SIGNED this 24th day of May, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).