IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § | |
| vs. | | CASE NO. 6:14-CR-00013-JDK |
| JIMMY ROYCE STAFFORD (4) | | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On September 17, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Jason Parrish.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of More Than 200 Grams but Less Than 350 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class B felony, Defendant Jimmy Royce Stafford was sentenced on November 18, 2015, by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of VI, was 110 to 137 months. Pursuant to a binding plea agreement for a variance that was accepted by the Court, the Court sentenced Defendant to imprisonment for a term of 60 months, followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing, and mental health treatment.

On May 17, 2018, Defendant started service of his term of supervised release. The Court revoked Defendant's supervised release on May 25, 2022 and sentenced him to time-served, to be

followed by a 4-year term of supervised release. Defendant started service of the second term of supervised release on June 16, 2022, in the Western District of Texas. A transfer of jurisdiction was filed on November 13, 2023, transferring jurisdiction to the Western District of Texas. Jurisdiction was transferred back to the Eastern District of Texas on August 22, 2024, and the case was assigned to United States District Judge Jeremy D. Kernodle.

### *Allegations*

In the Second Amended Petition seeking to revoke Defendant's supervised release, filed on September 17, 2024, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on February 10, 2024, by the Jacksonville Police Department for committing the offenses of Falsification of Drug Test Result and Possession of a Controlled Substance. It is also alleged that Defendant was indicted on March 1, 2024, in the Eastern District of Texas for Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Counts 2 and 3: Possession with Intent to Distribute and Distribution of Methamphetamine and Aiding and Abetting.

2. **Allegation 2 (mandatory condition 2): The defendant must not unlawfully possess a controlled substance.** It is alleged that Defendant possessed a controlled substance as evidenced by the above noted arrests.

3. **Allegation 3 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen on October 27, 2023 that tested positive for methamphetamine.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offenses of Conspiracy to Distribute and Possess with Intent to Distribute and Possession with Intent to Distribute and Distribution of Methamphetamine, and Aiding and Abetting, as alleged in the petition, Defendant is guilty of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade A violation is 33 to 41 months, capped by the statutory maximum of 3 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of possession of a controlled substance or possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Falsification of Drug Test Result or submitting a urine specimen that tested positive for methamphetamine, as alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). The guidelines provide that Defendant's imprisonment guideline range for a Grade C violation is 8 to 14 months. The

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On September 17, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to the use of methamphetamine, alleged in Allegation 3 of the petition, and to jointly request a sentence of imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-CR-18, with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the use of methamphetamine, as alleged in Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-CR-18, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to the use of methamphetamine alleged in Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-CR-18, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 8 months, to run consecutive to the sentence imposed in Criminal Action No. 6:24-CR-18, with no further term of supervised release.

So ORDERED and SIGNED this 17th day of September, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE